UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PETER ATAKPU,  　　　　　　　　　　　　Case No. 1:05-cv-524
　　Plaintiff

vs
CINDY LAWSON,  　　　　　　　　　　　　**REPORT AND RECOMMENDATION**
　　Defendant  　　　　　　　　　　　　　　(Spiegel, J.; Hogan, M.J.)


Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI), filed this action pro se alleging a violation of his constitutional rights.  Defendant is Cindy Lawson, the LeCI Health Care Administrator.  This matter is before the Court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 7), and plaintiff's memorandum in opposition. (Doc. 11).

In determining a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).   Pro se complaints are to be liberally construed and held to less stringent standards as compared with formal pleadings drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements.  A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985) (citations omitted) (emphasis in original)).  A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist.  *McGregor*, 856 F.2d at 43, quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977).

Plaintiff's complaint alleges that he underwent two left shoulder surgeries at the Ohio State University Hospital and is expecting a third surgery on the same shoulder.  He alleges that "Ms. Cindy Lawson and a host of Lebanon Correctional Institution Medical staff systematically denies and/or prohibits/terminates the medical treatment efforts the Ohio State University Hospital prescribes for the plaintiff every time the plaintiff returns from each surgery at the Ohio State University Hospital and the Central Medical Center (CMC)." (Doc. 2 at 5).  Plaintiff alleges that the "defendants" have denied and withheld medications and ice packs prescribed by the Ohio State University Hospital doctors. (Doc. 2 at 6).  He states "Ms. Cindy Lawson . . . has purposely withheld prescribed medications from the plaintiff. . . ." (Doc. 2 at 6).  Plaintiff also states "he was treated 'negligently' by the LeCI medical staff and Ms. Cindy Lawson with generic medications rather than the prescribed medications the Ohio State Medical Staff ordered." (Doc. 2 at 11).  In an informal complaint to Ms. Lawson, plaintiff requests her help in receiving the therapy "as ordered by the doctor." (Doc. 2, attachment).

Defendant seeks to dismiss the complaint on the basis that it fails to state a claim for relief under the Eighth Amendment.  In order to state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05 (footnotes omitted).  A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering.  Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury.  *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 106.  Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983.  *Westlake*, 537 F.2d at 860-61 n.5.  Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983.  *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5.  A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff's complaint is admittedly not a model of clarity.  Liberally construed, however,

the complaint states a claim for relief under the Eighth Amendment. The complaint alleges plaintiff has been denied medications and therapy prescribed by his doctors and that defendant Lawson directly participated in such denials and/or failed to assist him in rectifying such denials. The refusal to provide medication or therapy prescribed by a physician may amount to deliberate indifference to medical needs. *See Estelle*, 429 U.S. at 104-05; *Johnson v. Hardin County, Ky.*, 908 F.2d 1280, 1284 (6th Cir. 1990). The Court acknowledges that in one instance plaintiff's complaint asserts he was treated "negligently" by defendant Lawson and the medical staff and that an allegation of negligent medical treatment does not state a claim under the Eighth Amendment. *Farmer,* 511 U.S. at 835. Nevertheless, the complaint read as a whole and in the light most favorable to plaintiff alleges sufficient other facts indicating he was denied prescribed medical treatment. Such allegations are sufficient to state a claim for deliberate indifference under the Eighth Amendment.

**IT IS THEREFORE RECOMMENDED THAT** defendant's motion to dismiss be **DENIED**.

Date   12/22/2005                                      s/Timothy S. Hogan
                                                       Timothy S. Hogan
                                                       United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

PETER ATAKPU,                                 Case No. 1:05-cv-524
    Plaintiff

    vs
CINDY LAWSON,
    Defendant                                          (Spiegel, J.; Hogan, M.J.)


**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

1: 05cv 524    Doc.13

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Peter Atakpu 392-309<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail    ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee)  ☐ Yes | |
| 2. Article Number (Transfer from service label) | 7001 2510 0008 6348 2627 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |