```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

PETER ATAKPU,                     :
                                  :   NO. 1:05-CV-00524
        Plaintiff,                :
                                  :   **ORDER**
                                  :
   v.                             :
                                  :
                                  :
CINDY LAWSON,                     :
                                  :
        Defendant.                :

This matter is before the Court on the Report and Recommendation of the assigned Magistrate Judge (doc. 13). No objections to said Report and Recommendation were filed. Before the Magistrate Judge were the Defendant's Motion to Dismiss (doc. 7) and the Plaintiff's Memorandum in Opposition (doc. 10). Ultimately, the Magistrate Judge recommended that Defendant's Motion to Dismiss be denied (doc. 13). The Court agrees.

Plaintiff is an inmate at the Lebanon Correctional Institution ("LCI") and filed this action pro se alleging a violation of his constitutional rights (Id.). Specifically, Plaintiff alleges that he underwent two left shoulder surgeries at the Ohio State University Hospital ("OSUH") (he is expecting a third surgery on the same shoulder) and that Defendant and other LCI medical staff systematically denied or prohibited the medical treatment efforts the OHSU prescribed (Id.). This alleged denial of prescribed treatment included withholding prescribed medications and ice packs (Id.). Plaintiff complained

informally to Defendant, requesting her help in receiving the therapy "as ordered by the doctor" (Id.).

The Defendant moves the Court seeking dismissal because Plaintiff has failed to state a claim for relief under the Eighth Amendment (Id.). The Magistrate Judge aptly notes both the law as it relates to the granting of a motion to dismiss and relief under 42 U.S.C. § 1983 for denial of medical care to a prisoner (Id.). For the sake of brevity, the Court incorporates the recitation of the law as provided by the Magistrate Judge in his Report and Recommendation (Id.).

Although the Plaintiff's Complaint is not a model of clarity, the Magistrate Judge reports when liberally construed (as a pro se litigant's complaint must be) the Plaintiff states a claim for relief under the Eighth Amendment (Id.). The Complaint, notes the Magistrate Judge, alleges that the Defendant has been directly involved in denying medications and therapy prescribed by his doctors (Id.). The refusal to provide medication or therapy prescribed by a physician may amount to the required indifference under Eighth Amendment jurisprudence. See e.g., Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Johnson v. Hardin County, Ky., 908 F.2d 1280, 1284 (6th Cir. 1990).

The Defendant was served with the Report and Recommendation and was therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.

-2-

See <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).  The Defendant has failed to file any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. §636(b), the Court has reviewed the Report and Recommendation <u>de</u> <u>novo</u>, finding it both thoughtful, well-reasoned, and proper.  Accordingly, Defendant's Motion to Dismiss (doc. 7) is hereby DENIED.

       SO ORDERED.


Dated: February 7, 2006      /s/ S. Arthur Spiegel
                                     S. Arthur Spiegel
                                     United States Senior District Judge