UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Peter Atakpu,
    Plaintiff

vs                                    Case No. 1:05-cv-524-SAS-TSH
                                               (Spiegel, Sr. J.; Hogan, M. J.)

Cindy Lawson
    Defendant

**REPORT AND RECOMMENDATION**

      Before the Court are Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order pursuant to Fed. R. Civ. P. 65, and defendant's memorandum in opposition. (Docs. 16, 17). For the reasons set forth more fully below, the Court recommends that the motion be denied.

      Plaintiff is currently an inmate a Lebanon Correctional Institution (LeCI). Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging deprivation of his constitutional rights based on inadequate medical care following two shoulder surgeries at Ohio State University Hospital. While plaintiff refers at various times to the LeCI medical department, and mentions particular medical providers in his motion for preliminary injunction, Cindy Lawson, LeCI Health Care Administrator is the only named defendant. Defendants filed a motion to dismiss plaintiff's complaint arguing that negligent medical care does not rise to the level of an Eighth Amendment violation sufficient to support a § 1983 claim. In a December 23, 2005 Report and Recommendation which was adopted by the District Court on February 7, 2006, this Court concluded that plaintiff's allegations that the alleged refusal to provide medication or therapy prescribed by a physician may amount to deliberate indifference to medical needs, where plaintiff can show that defendant Lawson directly

Case: 1:05-cv-00524-SAS-TSH Doc #: 19 Filed: 07/19/06 Page: 2 of 5 PAGEID #: 111

participated in the failure to provide care or failed to correct the failure once it was brought to her attention.

Plaintiff now seeks a preliminary injunction and temporary restraining order alleging that defendant is subjecting him to retaliation and harassment for filing this cause of action. Plaintiff alleges that defendant continues to refuse to provide adequate medical treatment for his shoulder condition and that he is suffering extreme pain and discomfort as a result. Plaintiff contends that his deteriorating health constitutes irreparable injury sufficient to support injunctive relief.

In determining whether to issue a temporary restraining order, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

Plaintiff's motion for preliminary injunction, accompanied by plaintiff's affidavit, contains only vague and general assertions of irreparable injury. Plaintiff does not state how defendant Lawson has harassed or retaliated against him. Plaintiff has failed to demonstrate a strong likelihood of success on the merits, and his motion

is based in large part on allegations of inadequate medical care by persons who are not named as defendants in this action.

Moreover, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). A court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (3d Cir. 1997); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985). Plaintiff's motion is premised on generalized claims of retaliation and harassment. These claims are separate from the medical claims raised in his complaint and do not support the issuance of an injunction in this matter. To the extent plaintiff seeks to add claims for retaliation or harassment or to add parties other than Defendant Lawson, plaintiff must exhaust his state prison administrative remedies prior to bringing these claims in federal court. Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 119 S.Ct. 88 (1998). Therefore, plaintiff cannot seek injunctive relief based on these allegations.

For these reasons, **IT IS HEREBY RECOMMENDED THAT** Plaintiff's motion be denied.

                                               s/Timothy S. Hogan
                                               Timothy S. Hogan
                                               United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Peter Atakpu,
    Plaintiff

vs                          Case No. 1:05-cv-524-SAS-TSH
                                (Spiegel, Sr. J.; Hogan, M. J.)

Cindy Lawson
    Defendant

# NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 7/19/2006. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

1:05cv524 Doc. 19

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee |
| | B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Peter Atakpu 392-309<br>Lebanon Corr.Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0000 1409 2184 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-0835