```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

PETER ATAKPU, :
: NO. 1:05-CV-00524
   Plaintiff, :
: **OPINION AND ORDER**
:
  v. :
:
:
CINDY LAWSON, :
:
   Defendant. :

       This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 19) and Plaintiff's Objections thereto (doc. 23). For the reasons stated herein, the Court ADOPTS the Report and Recommendation in its entirety.

**I. Discussion**

       In his Report and Recommendation, the assigned Magistrate Judge recommended that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order pursuant to Fed. R. Civ. P. 65 (doc. 16) be denied (doc. 19). Plaintiff is an inmate at the Lebanon Correctional Institution who has filed the underlying action pursuant to 42 U.S.C. § 1983, alleging a deprivation of his constitutional rights based on inadequate medical care (Id.). In the instant motion, Plaintiff seeks a preliminary injunction and temporary restraining order, alleging that Defendant is subjecting him to retaliation and harassment for filing this cause of action

(Id.).

      The Magistrate Judge notes that the Court must consider the several factors in determining whether to issue a temporary restraining order: whether the party seeking the injunction has shown a "strong" likelihood of success on the merits; whether the party seeking the injunction will suffer irreparable harm absent the injunction; whether an injunction will cause others to suffer substantial harm; and whether the public interest would be served by a preliminary injunction. Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000). The Magistrate Judge found that Plaintiff's motion was not sufficient to grant a preliminary injunction (doc. 19). The Magistrate Judge stated that Plaintiff's motion contained only vague and general assertions of irreparable injury, failed to demonstrate a strong likelihood of success on the merits and was "based in large part on allegations of inadequate medical care by persons who are not named as defendants in this action" (Id.).

      Further, the Magistrate Judge notes that Plaintiff's claims of retaliation and harassment set forth in the present motion are separate from the medical claims raised in Plaintiff's Complaint (Id.). As the Magistrate Judge notes, a "court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint." (Id. citing Kaimowitz v. Orlando, 122 F.3d 41, 43 (3d Cir. 1997); Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th

Cir. 1997); Stewart v. United States Immigration and Naturalization Service, 762 F.2d 193, 198-99 (2d Cir. 1985)).

In his objection to the Magistrate Judge's Report and Recommendation, Plaintiff avers that he has not been able to identify the individuals he alleges deprived him of medical care because the discovery process has not been completed (doc. 23). He also states that without discovery, he cannot adequately demonstrate a strong likelihood of success on the merits (Id.). Plaintiff contends that he has been unable to supplement his complaint to incorporate unnamed individuals because the Ohio Department of Rehabilitation and Correction has intentionally undermined his ability to exhaust his administrative remedies (Id.). Additionally, Plaintiff states that because he is a pro se Plaintiff, he is entitled to a liberal interpretation of his motion (Id. citing Haines v. Kerner, 404 U.S. 519 (1972)). Finally, Plaintiff avers that without a preliminary injunction he will continue to suffer irreparable injury (Id.).

After thoroughly reviewing this matter, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned. Although Plaintiff raises serious issues of harassment and retaliation in the instant motion, as the Magistrate Judge found, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v.

Herrington, 42 F.3d 460, 471 (8th Cir. 1994).  The allegations Plaintiff raises are distinct from the medical claims raised in his complaint.  Furthermore, Plaintiff has failed to establish any of the elements that would persuade the Court that a preliminary injunction should be granted.  Even taking into account Plaintiff's pro se status, Plaintiff has not articulated a strong likelihood of success on the merits, or demonstrated an irreparable harm.  Thus, the Court agrees with the Magistrate Judge's Report and Recommendation, and finds a preliminary injunction and temporary restraining order is not proper.

In Plaintiff's objections, he writes "[a]ny summary dismissal should only be allowed once plaintiff has had and [sic] adequate time for discovery" (Id.).  The Court stresses that the denial of this motion does not mean a dismissal of the case, as Plaintiff may be able to support his claim when provided with the discovery he has been seeking.

**II. Conclusion**

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ADOPTS the Report and Recommendation in its entirety (doc. 19).


SO ORDERED.


Dated: November 28, 2006          /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge