```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

PETER ATAKPU,                  :
                               :     NO. 1:05-CV-00524
    Plaintiff,                 :
                               :     **OPINION AND ORDER**
                               :
  v.                           :
                               :
                               :
CINDY LAWSON,                  :
                               :
    Defendant.                 :


This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 51), Plaintiff's Objections thereto (doc. 55), and Defendant's Response to Plaintiff's Objections (doc. 60). For the reasons stated herein, the Court ADOPTS the Report and Recommendation in its entirety.

**I. Discussion**

In his Report and Recommendation, the assigned Magistrate Judge recommended that Defendant's motions for summary judgment and to renew and supplement her motion for summary judgment be granted (docs. 24, 39), and Plaintiff's motion to amend the complaint be denied (doc. 44). Plaintiff, an inmate at the Lebanon Correctional Institution, filed his complaint pursuant to 42 U.S.C. § 1983, alleging a deprivation of his constitutional rights based on inadequate medical care (Id.). Thereafter, Defendant moved for summary judgment (docs. 24, 39), and Plaintiff moved to amend the

complaint (doc. 44). The Court incorporates here the Magistrate Judge's very thorough review of the factual and procedural background of this matter (doc. 51).

In the Report and Recommendation, the Magistrate Judge recommended that the motion for summary judgment be granted and Plaintiff's motion to amend the complaint be denied (doc. 51). In considering Defendant's motion for summary judgment, the Magistrate Judge first noted that to establish a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a plaintiff must present evidence showing "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." (Id., quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The Magistrate Judge reviewed each of Plaintiff's four claims of medical neglect, and found that the record as a whole showed that Plaintiff received regular medical care for his shoulder condition (Id.). The Magistrate Judge stated that "while plaintiff disputes some of the care he received, he has failed to come forward with evidence showing that such care was objectively seriously harmful to him or that the defendant or any other prison official was deliberately indifferent to his medical needs" (Id.).

In regards to Plaintiff's motion to amend the complaint, the Magistrate Judge noted that while leave to amend the complaint should be liberally granted, when considering such a motion, the Court should look at factors such as undue delay, bad faith or

dilatory motive on the part of the movant, the repeated failure to cure deficiencies by amendments previously allowed, lack of notice to the opposing party, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment (Id., citing Forman v. Davis, 371 U.S. 178 (1962)). The Magistrate Judge found that Plaintiff had not shown good cause for his failure to attach a proposed amended complaint, name additional defendants or causes of action, noting that this Court had granted Plaintiff additional time to conduct discovery (Id.). Further, the Magistrate Judge concluded that the motion should be denied because Defendant and any newly named defendants would be unfairly prejudiced if an amendment were permitted now, when the case has been pending for over three years and the statute of limitations has passed (Id.). Finally, the Magistrate Judge found that because any proposed amended complaint would most likely be futile and barred by the statute of limitations, Plaintiff's motion should be denied (Id., citing Jet, Inc. v. Sewage Aeration Sys., 165 F.3d 419, 425 (6th Cir. 1999)).

Plaintiff objects to the Report and Recommendation, arguing first that the motion for summary judgment should be denied because genuine issues of material fact exist (doc. 55). Plaintiff argues that there is evidence that he never received treatment on his right shoulder, and that medication was withheld despite no evidence of "cheeking" (Id.). Plaintiff contends that he has

established a prima facie case and that, construing all facts in a light most favorable to him, there is no basis to grant Defendant's motion (Id.).  Second, Plaintiff objects to the Magistrate Judge's recommendation that his motion to amend the complaint be denied (Id.). Plaintiff argues that any delay in this case is due to Defendant's delay in turning over discovery, not due to Plaintiff's stalling (Id.).  Further, Plaintiff contends that there is no provision in the Federal Rules of Civil Procedure requiring a proposed amended complaint be filed with a motion to amend, and that this is no basis to deny his claim (Id.).

Defendant responds, arguing that the Court should adopt the Report and Recommendation (doc. 60).  Defendant contends that the Magistrate Judge's assessment that any amendment to the complaint would be futile and time-barred is correct (Id., citing among others Austin v. Wilkinson, 2006 U.S. Dist. LEXIS 87876 (Dec. 5, 2006).  Defendant notes that Plaintiff was afforded access to requested medical records, and argues that it was Plaintiff who delayed this case by not filing a response to the summary judgment motion until compelled by the Court nearly seven months after the motion was filed (Id.).  Further, Defendant refutes Plaintiff's assertion that there exists a genuine issue of material fact which would preclude summary judgment (Id.).  Defendant argues that Plaintiff has presented nothing to refute Defendant's evidence that Plaintiff was caught cheeking medicine, and therefore Plaintiff's

unsworn and unsupported statements cannot be considered (Id.). Likewise, Defendant contends that none of Plaintiff's objections refute the evidence and conclusion of the Report and Recommendation that Defendant was not deliberately indifferent to any serious medical need of Plaintiff (Id.).

The Court does not find Plaintiff's objections well-taken. First, the Court agrees with Defendant that Plaintiff's objections present no evidence, beyond unsupported assertion, to refute the conclusion of the Report and Recommendation that summary judgment is appropriate. A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Byrd v. Wilson, 701 F.2d 592, 594 (6th Cir. 1983). As the Magistrate Judge thoroughly summarized in the Report and Recommendation, the evidence reveals that Defendant was not deliberately indifferent to any serious medical need of Plaintiff, and based on the evidence before the Court, no reasonable jury could conclude otherwise. Anderson v. Liberty Lobby, 477 U.S. 242, 247-48 (1986).

Second, the Court finds that Plaintiff is not entitled to file an amended complaint. Although leave to amend the complaint is to be liberally granted, the Court may deny the motion where such amendment would be futile, or unduly prejudicial to the

opposing party. Forman, 371 U.S. at 182. As the Magistrate Judge stated, here "any proposed amended complaint would most likely be futile and be barred by the statute of limitations" (Id., citing Jet, Inc. V. Sewage Aeration Sys., 165 F.3d 419, 425 (6th Cir. 1999)). Plaintiff presented no evidence to refute the Magistrate Judge's conclusion and therefore the Court finds it proper to deny Plaintiff's motion.

**II. Conclusion**

For the foregoing reasons, the Court OVERRULES Plaintiff's objections (doc. 55) and ADOPTS the Report and Recommendation in its entirety (doc. 51). Thus, the Court GRANTS Defendant's motions for summary judgment (doc. 24), and to renew and supplement her motion for summary judgment (doc. 39), and DENIES Plaintiff's motion to amend the complaint (doc. 44). Further, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Order will not be taken in good faith. See McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

SO ORDERED.

Dated: December 10, 2008            /s/ S. Arthur Spiegel
                                              S. Arthur Spiegel
                                              United States Senior District Judge